*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-359

FEBRUARY TERM, 2014

| | | |
|---|---|---|
| Walsh Electric Supply, LLC | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| All Seasons Excavating & Landscaping, Inc. | } | DOCKET NO. S0426-12 Cnc |
| and Robby Mazza | } | |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

In this contract dispute, plaintiff Walsh Electric Supply, LLC sued defendant All Seasons Excavating & Landscaping, Inc. for payment for outdoor lights sold by Walsh Electric to All Seasons, and All Seasons defended that it withheld partial payment because Walsh Electric was responsible for the costs incurred in replacing the defective lights. All Seasons sought to avoid the impact of a disclaimer of warranty, arguing that the disclaimer appeared in a contract between All Seasons and a different entity and was not assignable to Walsh Electric, and that the disclaimer was not, in any event, enforceable. The trial court granted Walsh Electric summary judgment. We affirm.

The undisputed facts are as follows. All Seasons ordered fifteen Philips Lumec lights for $42,000 through Walsh Electric for a project in Colchester. Walsh Electric ordered the lights through Apex Lighting Solutions. On December 28, 2011, after receiving and installing the lights, All Seasons informed Walsh Electric that three lights were defective. Walsh Electric contacted Apex to initiate a warranty claim. Apex notified the manufacturer, Philips Lumec, which informed Apex that the claim should be filed with the parts vendor. Apex filed a claim with the parts vendor; that vendor initially shipped the wrong kind of generators, but ultimately delivered the correct generators to All Seasons on January 26, 2012.

In February 2012, All Seasons submitted an invoice to Walsh Electric and Apex totaling $10,754.38. The invoice detailed expenses All Seasons incurred, mostly in the form of labor costs and equipment rental charges for All Seasons employees and equipment used to diagnose the problem and replace the defective lights. Apex forwarded the invoice to Lumec, and Lumec refused to pay for any labor costs associated, relying on its warranty, which states that "[i]n no event will Lumec be responsible or liable for any labor costs at site for the removal or replacement of defective products or materials."

All Seasons paid Walsh Electric $32,000 of the invoiced $42,000 for the lights. Along with another outstanding invoice for parts, Walsh Electric claimed All Seasons owed Walsh Electric $11,611.46.

When All Seasons refused to pay, Walsh Electric filed this suit against All Seasons and its president Robby Mazza. With respect to All Seasons' withholding of monies to cover the costs it incurred as a result of the defective lights, Walsh Electric pointed to a contract specifically disclaiming any warranty on the merchandise sold, limiting a buyer's recovery to the manufacturer's warranty. Although that contract was between All Seasons and Walsh Electric Supply Co., Inc., Walsh Electric Supply, LLC argued that it was the successor to and assign of Walsh Electric Supply Co., Inc.[1]

Walsh Electric filed for summary judgment, and submitted a statement of undisputed facts. Walsh Electric claimed that it met all of its obligations under the parties' written agreement and was entitled to payment. In support of its motion, Walsh Electric included the following evidence in its statement of undisputed facts, and supported it with documents and affidavits. In October 1994, Robby Mazza, on behalf of All Seasons, signed a customer agreement with Walsh Electric Supply Co., Inc. Mazza also signed a personal guarantee, agreeing to pay any amount owed by All Seasons to the Walsh Electric corporation.

Under the customer agreement, the Walsh Electric corporation agreed to extend credit to All Seasons for the purchase of electrical products, and All Seasons agreed to several "Terms and Conditions" located at the top of the reverse side of the agreement. These conditions included the following:

> 1. WALSH ELECTRIC SUPPLY CO., INC., HEREINAFTER REFERRED TO AS SELLER, OFFERS NO GUARANTEES OR WARRANTIES OF ANY KIND WHATSOVER, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR OF FITNESS FOR A PARTICULAR PURPOSE, EITHER EXPRESSED OR IMPLIED, ON MERCHANDISE SOLD BY IT, AND BUYER HEREIN ASSUMES ALL RISKS AND LIABILITY FOR THE RESULTS OBTAINED IN THE USE OF ANY MERCHANDISE SOLD BY SELLER AND BUYER AGREES THAT SELLER SHALL NOT BE LIABLE FOR ANY CONSEQUENTIAL DAMAGES THAT MAY RESULT FROM DEFECTIVE OR UNFIT MERCHANDISE. THE ONLY WARRANTIES ON THE MERCHANDISE SOLD BY SELLER ARE THE WARRANTIES MADE BY THE MANUFACTURER.
>
> . . . .
>
> 4. To allow Seller the option of notifying the manufacturer of any defective merchandise and repairing or replacing any defective merchandise. Buyer agrees not to repair or replace any merchandise purchased from Seller or backcharge Seller or take a

---

[1] For clarity, we refer to Walsh Electric Supply, LLC as Walsh Electric and to its predecessor Walsh Electric Supply Co., Inc. as the Walsh Electric corporation.

credit against any amount owed Seller for same without written authorization from Seller. Seller agrees to act within a reasonable time.

Both the customer agreement and the personal guarantee contained a provision on assignment. The customer agreement stated that the "Terms and Conditions printed on the reverse side hereof shall constitute part of the credit agreement and shall bind and insure to the benefit of the successors, assigns and heirs of the parties hereto." The personal guaranty stated that it would "extend and insure to successors, assigns, divisions, branches and subsidiaries of Walsh Electric Supply Co., Inc."

In its statement of undisputed facts, Walsh Electric claimed that it was the successor to and assign of the Walsh Electric corporation, which was the original party to the customer agreement and Mazza's personal guaranty. In support, Walsh Electric attached an affidavit from one of its principals, stating that in 2008, as part of a change in ownership, Walsh Electric Supply Co., Inc. transferred substantially all of its assets to Walsh Electric Supply, LLC, and then was terminated. The affidavit further represented that Walsh Electric Supply, LLC is the successor and assignee of the Walsh Electric corporation.

All Seasons opposed the summary judgment motion, arguing that the agreement did not govern the transaction because Walsh Electric was not a party to the original customer agreement, and the disclaimer of warranty in the agreement was inapplicable because it was not conspicuous.

The trial court ruled in Walsh Electric's favor, concluding that Walsh Electric could enforce the customer agreement as the successor and assign of the corporation that originally entered into the agreement with All Seasons. The court explained that All Seasons had failed to offer any evidence to contradict the affidavit from Walsh Electric's principal that Walsh Electric was the successor to and assign of the corporation. The court further concluded that the disclaimer of warranty in the agreement was conspicuous and enforceable. Because Walsh Electric had disclaimed the warranties of merchantability and fitness for a particular purpose, the court concluded it was not liable for damages arising from the alleged breach of those warranties and ordered All Seasons to pay the outstanding balance. The court subsequently entered judgment, and granted Walsh Electric's request for attorney's fees and costs pursuant to the terms of the customer agreement and guarantee. All Seasons appeals.

On appeal from a summary judgment decision, this Court applies the same standard as the trial court. Gettis v. Green Mountain Econ. Dev. Corp., 2005 VT 117, ¶ 19, 179 Vt. 117. We will affirm grant of summary judgment where the moving party demonstrates that there are no disputes of material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a).

All Seasons renews its argument that Walsh Electric is not a party to the customer agreement or the personal guarantee and therefore cannot enforce those contracts. All Seasons claims that there is insufficient evidence to demonstrate Walsh Electric is an assignee or successor to the Walsh Electric corporation and that the Walsh Electric corporation could assign the contract to Walsh Electric only with the written consent of both All Seasons and Mazza.

3

There was no requirement that the Walsh Electric corporation obtain the written consent of Mazza and All Seasons to effectively assign its rights and obligations under the contract to Walsh Electric. Whether a contract is assignable depends on the intention of the parties, as expressed in the contract itself. See Abalene Pest Control Serv., Inc. v. Hall, 126 Vt. 1, 6-7 (1966) (determining assignability of contract by looking at intention of parties as indicated by language in contract); see also Restatement (Second) of Contracts § 317 (1981) (stating that a contractual right can generally be assigned unless the substitution of assignee for assignor would materially affect the other party to the contract, the assignment is forbidden by statute or public policy, or the assignment is validly precluded by contract). Here, both the customer agreement and the personal guarantee specifically provided that the contracts were assignable.

All Seasons disputes Walsh Electric's affidavit testimony that it was the assignee of the former Walsh Electric corporation's obligations pursuant to the customer agreement and personal guaranty, and that it was the successor to the Walsh Electric corporation by virtue of its acquisition of substantially all of the assets of the corporation, which was terminated following the transfer of assets. However, All Seasons does not support its assertion with any evidence or citation to the record, and its mere denial is not sufficient to create a disputed issue of fact.[2] See V.R.C.P. 56(c), (e) (requiring party to support assertion with citation to record, and allowing court to consider fact undisputed for purposes of motion where opposing party fails to properly address other party's assertion of fact). We conclude that the affidavit testimony, uncontradicted by contrary evidence, is sufficient to establish Walsh Electric as assignee of the corporation's rights and obligations under the customer agreement and personal guarantee. Therefore, Walsh Electric assumed the same interest and rights that the Walsh Electric corporation held. See In re Ambassador Ins. Co., 2008 VT 105, ¶ 19, 184 Vt. 408 (explaining that "the assignee takes whatever interest the assignor possessed").

All Seasons argues that Walsh Electric cannot be a third-party beneficiary of the contract and cites cases relating to third party beneficiaries. These cases are inapposite. Walsh Electric is not invoking the warranty disclaimer as a third party beneficiary to the customer agreement; it is invoking the disclaimer as successor to the Walsh Electric corporation and assignee of the customer agreement.

Next, All Seasons argues that the disclaimer of warranties in the customer agreement is not enforceable because it is ambiguous and not conspicuous. Generally, a disclaimer of warranty is not enforceable if it is not conspicuous. See 9A V.S.A. § 2-316(2) (providing that disclaimer of warranty of merchantability and fitness must be in writing, mention warranty and be conspicuous); Heath v. Palmer, 2006 VT 125, ¶ 6, 181 Vt. 545 (mem.) ("The general rule is that exclusions or modifications of warranties must be conspicuous and unambiguous."). All Seasons argues that the disclaimer is not conspicuous because it is in the same size font as the

---

[2] All Seasons asserts that at the very least it should be permitted to conduct additional discovery regarding the facts and circumstances of the succession. There is no basis to provide All Seasons more time to respond. Walsh Electric filed for summary judgment on May 2, 2013. All Seasons responded by filing an opposition on June 14, 2013. The court entered judgment on July 25, 2013. At no time did All Seasons request additional time to respond or move the court for permission to conduct additional discovery. See V.R.C.P. 56(d) (allowing court to grant more time to obtain affidavits or take discovery if nonmovant shows by affidavit that it is unable to present facts essential to its opposition). Having failed to request additional time from the trial court, All Seasons has waived the opportunity to make such a request on appeal.

4

rest of the page. Despite being the same size font, the disclaimer is sufficiently conspicuous. It is in all capital letters at the top of the page directly under the heading "Terms and Conditions." This is sufficient to draw the reader's attention and make the language conspicuous.

The ambiguity claimed by All Seasons is that on the first page of the agreement it states that it is assignable and in the terms and conditions on the second page it states that all alterations must be in writing. These statements neither create an ambiguity that would make the disclaimer of warranty clause unenforceable nor do they create a requirement that an assignment be in writing.

All Seasons raises two additional arguments on appeal that were not presented to the trial court. All Seasons argues that it timely informed Walsh Electric that it was undertaking actions to remedy the defective lights and Walsh Electric had a duty to warn All Seasons it would not be compensated for this work. In addition, in its reply brief, All Seasons claims that Walsh Electric breached the contract by failing to obtain a replacement to the defective product within a reasonable time, as required by the contract. Both arguments are raised for the first time on appeal and, therefore, we do not address them. See R & G Props., Inc. v. Column Fin., Inc., 2008 VT 113, ¶ 48, 184 Vt. 494 (refusing to address matters raised for first time on appeal).

Finally, All Seasons challenges the court's award of attorney's fees and costs to Walsh Electric as improper. This argument stems from All Seasons's contention that the 1994 agreements that provided for an award attorney's fees to Walsh Electric corporation in an action to collect sums due under the contract are not enforceable by Walsh Electric. Because we conclude that Walsh Electric can enforce the 1994 customer agreement and Mazza's personal guarantee, as well as the associated warranty disclaimers, we affirm the award of costs and attorney's fees.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice